UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Leonard Jarvis Roper, | ) | Civil Action No.: 5:15-cv-00555-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Joseph McFadden, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Leonard Jarvis Roper, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF Nos. 1 & 11. The matter is before the Court for consideration of Petitioner's objections to the Report and Recommendation (R & R) of United States Magistrate Judge Kaymani D. West.[1] *See* ECF Nos. 28 & 38. For the reasons stated below, the Court adopts the Magistrate Judge's R & R, grants Respondent's motion for summary judgment, and dismisses Petitioner's § 2254 petition with prejudice.

**Background**[2]

In 2009, Petitioner pled guilty to six drug charges in state court, and the plea court imposed an aggregate sentence of twenty years' imprisonment. *See* ECF No. 18-1 at 3-29. The plea court denied Petitioner's motion for reconsideration of the sentence, and the South Carolina Court of Appeals dismissed his direct appeal in 2011. *See* ECF Nos. 18-4, 18-10, 18-11, & 18-12. In 2012, Petitioner filed a state post-conviction relief (PCR) application, which the PCR court denied and dismissed with

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

[2] The Magistrate Judge's R & R contains a comprehensive summary of the facts and procedural history of this case, with citations to the record, and the Court adopts and incorporates that summary by reference. *See* R & R at 1-20.

prejudice in 2013. *See* ECF No. 18-1 at 31-44, 191-222. After the South Carolina Supreme Court denied Petitioner's petition for a writ of certiorari in January 2015, Petitioner filed the instant § 2254 habeas petition in February 2015 and amended it in March 2015. *See* ECF Nos. 1, 11 & 18-8.

Although Petitioner raised three grounds for relief in his § 2254 petition, he later withdrew the first and third grounds by way of his response in opposition to Respondent's motion for summary judgment. *See* ECF No. 26 at 1, 4. Thus, Petitioner's sole remaining ground for relief (Ground Two) was that plea counsel was ineffective for failing to move to withdraw Petitioner's guilty plea or, alternatively, for not advising Petitioner that he could do so. *See* ECF No. 1 at 11 at 1-2; ECF No. 26 at 1-4. Respondent moved for summary judgment, arguing that Ground Two was procedurally defaulted and that Petitioner could neither prove cause and actual prejudice nor demonstrate that failure to consider Ground Two would result in a fundamental miscarriage of justice. *See* ECF No. 18 at 21-33. Petitioner filed a response in opposition to Respondent's motion for summary judgment. *See* ECF No. 26. In his response, Petitioner conceded Ground Two was procedurally defaulted but argued the default should be excused under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), due to the ineffectiveness of his PCR counsel for not raising the issue. *Id.* at 2.

The Magistrate Judge issued an R & R recommending that the Court grant Respondent's motion for summary judgment and dismiss Petitioner's habeas petition with prejudice. *See* R & R, ECF No. 28. After receiving two extensions, Petitioner filed timely objections to the R & R. *See* ECF Nos. 31, 35, & 38.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination

remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## **Applicable Law**

Claims of ineffective assistance of counsel must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). A habeas petitioner must first show counsel's performance was deficient and fell below an objective standard of reasonableness. *Id.* at 687-88. Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694.

The *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). In the guilty plea context, the inquiry regarding counsel's alleged deficiency hinges on whether the defendant knowingly, voluntarily, and intelligently

entered his plea. *See id.* at 56 (stating that when "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases" (internal quotation marks omitted)). The prejudice component "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59 ("In other words, in order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

Before seeking federal habeas review of a claim, a petitioner ordinarily must raise the claim in state court by complying with state procedural rules and exhausting available state remedies. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "[W]hen a habeas petitioner fails to exhaust state remedies for a claim, federal review is not available until the petitioner either returns to state court with the claim or demonstrates that such an attempt would be futile, in which case the claim is treated as procedurally defaulted." *Gray v. Zook*, 806 F.3d 783, 798 (4th Cir. 2015). To overcome a procedural default, a petitioner must demonstrate either (1) cause and resulting prejudice, or (2) that the failure to review the claim "will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

In *Martinez v. Ryan*, the United States Supreme Court established a "limited qualification" to the rule in *Coleman* and held inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S. Ct. at 1315, 1319. The Supreme Court ruled as follows:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel

4

in that proceeding was ineffective.

*Id.* at 1320.[3]  The *Martinez* Court explained a "substantial" claim of ineffective assistance of counsel is one that has "some merit." *Id.* at 1318 ("To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.").  A claim is insubstantial if "it does not have any merit or . . . is wholly without factual support, or . . . the attorney in the initial-review collateral proceeding did not perform below constitutional standards." *Id.* at 1319.

Generally, the highly deferential standards of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)—namely, 28 U.S.C. § 2254—govern federal habeas review of claims originally presented in state courts.  *See* 28 U.S.C. § 2254(d) (providing review standards for "any claim that was adjudicated on the merits in State court proceedings"); *see also Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998).  However, "because a petitioner raising a *Martinez* claim never presented the claim in state court, a federal court considers it de novo, rather than under AEDPA's deferential standard of review." *Gray*, 806 F.3d at 789 ("*Martinez* permits a petitioner, under certain circumstances, to excuse a procedural default and bring a claim in federal court that was not

---

[3]  The Fourth Circuit Court of Appeals has summarized the *Martinez* exception as follows:

> *Martinez* held that a federal habeas petitioner who seeks to raise an otherwise procedurally defaulted claim of ineffective-assistance-of-trial-counsel before the federal court may do so only if: (1) the ineffective-assistance-of-trial-counsel claim is a substantial one; (2) the "cause" for default "consist[s] of there being no counsel or only ineffective counsel during the state collateral review proceeding"; (3) "the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim"; and (4) state law "requires that an ineffective-assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding."

*Fowler v. Joyner*, 753 F.3d 446, 461 (4th Cir. 2014) (alteration in original) (quoting *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013)).

5

raised in state court. Such a claim, never having been heard by a state court, is reviewed de novo.").

**Discussion**

As thoroughly explained in the R & R, Petitioner's claim in Ground Two of his habeas petition arises from his assertion that he would not have pled guilty had he known two investigators from the South Carolina Law Enforcement Division (SLED) were going to attend and testify at the plea hearing.[4] *See* R & R at 2-3, 5-11, 31-35. Petitioner argues that once plea counsel saw the SLED agents at the courthouse, plea counsel should have immediately moved to withdraw Petitioner's plea or at least informed Petitioner that he did not have to proceed with the plea. *See* ECF No. 26 at 2-3; ECF No. 38 at 1-2.

In the R & R, the Magistrate Judge analyzed Petitioner's claim that plea counsel was ineffective for failing to move to withdraw Petitioner's guilty plea or, alternatively, for not advising Petitioner that he could do so. R & R at 30-37. The Magistrate Judge agreed with both Respondent and Petitioner that this claim was procedurally defaulted because Petitioner did not present it to the state courts.[5] *Id.* at 31-32. Petitioner, however, asserted he was entitled to have the default excused and his claim considered under *Martinez* due to the ineffectiveness of his PCR counsel for not raising the issue. *See* ECF No. 26 at 2. Accordingly, the Magistrate Judge considered whether Petitioner had demonstrated a substantial claim under *Martinez* sufficient to excuse his procedural default, and she concluded he had

---

[4]     Two SLED agents testified at the plea hearing that Petitioner was a "drug kingpin" who controlled an extensive cocaine trafficking network in the Charleston, South Carolina area. ECF No. 18-1 at 13-15. At the PCR hearing, Petitioner explained he believed the SLED agents' testimony unfairly influenced the plea court's sentencing decision and resulted in a much harsher sentence than Petitioner anticipated—twenty years actually imposed versus the five years Petitioner originally expected. ECF No. 18-1 at 70.

[5]     Additionally, the Court notes § 2254 prohibits claims of ineffective assistance of PCR counsel. *See* 28 U.S.C. § 2254(I) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

not.[6]  *Id.* at 33-36.  Petitioner objects to the Magistrate Judge's conclusion.  ECF No. 38 at 1.

The Magistrate Judge correctly analyzed Petitioner's claim, which alleges ineffective assistance of plea counsel, by applying the *Strickland* test.  R & R at 33-36; *see Hill*, 474 U.S. at 58 (holding "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel"); *see also Williams v. Taylor*, 529 U.S. 362, 391 (2000) (stating "the *Strickland* test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims"). Focusing on the performance prong of the *Strickland* analysis, the Magistrate Judge found plea counsel was not deficient for four primary reasons: (1) plea counsel provided Petitioner adequate information and advice that he could either go to trial or plead guilty; (2) plea counsel made a strategic decision to address any potential harm resulting from the SLED agents' testimony by calling witnesses who directly contradicted the agents' description of Petitioner's involvement in drug-related activities; (3) plea counsel made extensive pre-sentencing mitigation argument; and (4) plea counsel filed a motion for reconsideration of Petitioner's sentence arguing the SLED agents' testimony was improperly presented and unsubstantiated.  R & R at 34.

In his objections, Petitioner argues the Magistrate Judge erred in relying on the four facts enumerated above, and he asserts his habeas claim "has nothing to do with whether counsel objected to the sled agent's [sic] testimony, called rebuttal witnesses, or filed a post-sentencing motion to reconsider the sentence."  ECF No. 38 at 2.  Petitioner, however, plainly ignores that the *Strickland* test

---

[6]  Having determined PCR counsel was not objectively unreasonable in failing to raise Petitioner's claim of ineffective assistance of plea counsel, the Magistrate Judge found it unnecessary to consider the issue of prejudice under the procedural default analysis (i.e., whether there was a reasonable probability that Petitioner would have received PCR relief had his claim not been defaulted).  *Id.* at 36.  Finally, the Magistrate Judge concluded her refusal to consider the claim on the merits would not result in a fundamental miscarriage of justice because Petitioner did not claim to be actually innocent of his crimes or present anything "'truly extraordinary'" about the defaulted claim.  *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

7

requires a court reviewing an attorney's performance "to evaluate the conduct from counsel's perspective at the time" the criminal proceeding occurred so as to avoid "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. "Moreover, 'special difficulties' arise when federal judges are called upon to evaluate trial counsel's actions in the context of a state court guilty plea, where 'the record . . . is never as full as it is after a trial,' and 'the potential for the distortions and imbalance that can inhere in a hindsight perspective may become all too real.'" *Christian v. Ballard*, 792 F.3d 427, 444 (4th Cir. 2015) (omissions in original) (quoting *Premo v. Moore*, 562 U.S. 115, 125 (2011)). In this case, evaluation of plea counsel's performance requires the Court to consider whether his real-time, strategic response to the SLED agents' unexpected appearance and testimony was reasonable at the time of the plea hearing. Thus, the Magistrate Judge did not err in considering what efforts plea counsel took to diminish the potential influence that the SLED agents' testimony had on the plea court's sentencing decision.

Furthermore, as the Magistrate Judge notes, the plea court informed Petitioner that he could withdraw his plea at any time during the hearing and proceed to a jury trial, and Petitioner acknowledged he understood that right. ECF No. 18-1 at 7. Significantly, *after* the SLED agents testified about Petitioner's cocaine trafficking activities, the plea court engaged in a direct colloquy with Petitioner and asked him, "You still want to plead guilty?" *Id.* at 22. Petitioner answered, "Yes, sir." *Id.* Thus, Petitioner decided to plead guilty knowing that the plea court had heard the SLED agents' testimony and could consider it in sentencing him. *See Hill* 474 U.S. at 56 (indicating that in the guilty plea context, the inquiry regarding counsel's alleged deficiency hinges on whether the defendant knowingly, voluntarily, and intelligently entered his plea). Given these facts, the Court cannot conclude Petitioner had a substantial claim of ineffective assistance of plea counsel because he cannot satisfy the

deficiency prong of the *Strickland* test.[7]

Having conducted a de novo review of the record and having considered Petitioner's arguments, the Court agrees with the Magistrate Judge that Petitioner cannot satisfy *Martinez*'s limited exception to excuse the procedural default. The Court finds that Petitioner cannot demonstrate his claim is a substantial claim of ineffective assistance of plea counsel; that PCR counsel was objectively unreasonably in failing to raise it; and that but for PCR counsel's alleged error, there is a reasonable probability that Petitioner would have received relief on his claim that plea counsel was ineffective for not withdrawing Petitioner's guilty plea or advising him to do so. *See Martinez*, 132 S. Ct. at 1319; *see also Fowler*, 753 F.3d at 461 (breaking down the *Martinez* analysis). Accordingly, the Court overrules Petitioner's objections and adopts and incorporates the Magistrate Judge's R & R by reference.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see*

---

[7] Because plea counsel's performance did not fall below an objective standard of reasonableness, the Court need not consider the prejudice prong of the *Strickland* test (i.e., whether there is a reasonable probability that but for plea counsel's alleged error, Petitioner would not have pled guilty but gone to trial). *See Strickland*, 466 U.S. at 697; *see, e.g.*, *Huffington v. Nuth*, 140 F.3d 572, 580 (4th Cir. 1998) (Because trial counsel's performance . . . did not fall below an objective standard of reasonableness, we need not address the prejudice prong of the *Strickland* test."). In any event, Petitioner cannot show prejudice for the same reason he cannot show deficient performance: he informed the plea court that he still wanted to plead guilty after the court heard the SLED agents' testimony. ECF No. 18-1 at 22. Petitioner's statement to the plea court forecloses a reasonable probability that he would have withdrawn his plea and gone to trial. *See Christian*, 792 F.3d at 443 ("To show prejudice in the guilty-plea context, the petitioner must demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (internal quotation marks omitted)); *id.* at 444 (observing a defendant's statements at a plea hearing "'constitute a formidable barrier in any subsequent collateral proceedings'" because "'[s]olemn declarations in open court carry a strong presumption of verity'" (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977))).

9

*Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## Conclusion

The Court has reviewed the entire record, including the Magistrate Judge's R & R and Petitioner's objections, and considered the applicable law. The Court has conducted a de novo review of the R & R, and it finds no merit in Petitioner's objections. For the reasons stated in the Court's order and in the Magistrate Judge's R & R, the Court overrules Petitioner's objections and adopts and incorporates the R & R [ECF No. 28] by reference.

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment [ECF No. 19] is **GRANTED** and that Petitioner's habeas petition is **DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  
February 11, 2016

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge